# Court of Appeals
# of the State of Georgia

ATLANTA,  August 02, 2019

*The Court of Appeals hereby passes the following order:*

**A19A2483.  TYRONE DONTAVIOUS POSTELL v. THE STATE.**

In this prosecution for armed robbery, defendant Tyrone Postell filed a motion to suppress evidence obtained during a search of a residence in Houston County.  The trial court denied the motion on June 14, 2019, and, on June 21, 2019, issued a certificate of immediate review.  See OCGA § 5-6-34 (b).  On June 28, 2019, Postell filed, in the trial court, a document entitled "Application for Appellate Review," in which he sought appellate review – apparently in this Court – of the denial of his motion to suppress.  The trial court transmitted Postell's "Application for Appellate Review" and a limited number of record excerpts to this Court.  We docketed the transmitted filings – which we received on July 5, 2019 – as the instant direct appeal, which, for the reasons that follow, we dismiss for lack of jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." Because this action remains pending before the trial court, Postell was required to use the interlocutory appeal procedures – which include filing an application for interlocutory review in the appellate court within ten days of entry of the certificate of immediate review – to appeal the denial of his motion to suppress.  See OCGA § 5-6-34 (b); Court of Appeals Rule 30 (a); *Genter v. State*, 218 Ga. App. 311, 311 (460 SE2d 879) (1995).  Postell, however, filed his "Application for Appellate Review" in the trial court, rather than in this Court.  Consequently, we construe the

filing as a notice of appeal, and not as an application for interlocutory review.[1] Compare OCGA § 5-6-37 (a notice of appeal must be filed "with the clerk of the court wherein the case was determined"), with id. § 5-6-34 (b) (an application for interlocutory review "shall be filed with the clerk of the Supreme Court or the Court of Appeals"); accord *Genter*, 218 Ga. App. at 311 (dismissing the defendant's appeal from the denial of his motion to suppress because, "[a]lthough the defendant obtained a certificate of review from the trial judge, he failed to make an application to this Court for interlocutory review within 10 days after the grant of the certificate") (punctuation omitted). Moreover, because Postell – who is represented by counsel – filed his "Application for Appellate Review" in the trial court, he also failed to comply with Court of Appeals Rules 5 and 30 (d) (governing the payment of filing fees), as well as Rules 30 (g) (1) and 46 (a) (requiring counseled parties to submit filings to this Court electronically).

Postell's multiple instances of failing to comply with the interlocutory appeal procedures deprive us of jurisdiction over this premature direct appeal, which is hereby DISMISSED. See *Genter*, 218 Ga. App. at 311; *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  08/02/2019*
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[1] The trial court likewise appears to have construed the filing as a notice of appeal, as is evidenced by the trial court deputy clerk's certification that accompanied the transmission to this Court of the record excerpts, which, the clerk indicated, include the "Notice of Appeal."